UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SAMMIE LEE REAVES** | **CIVIL ACTION NO. 10-980-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JOHN M. LAWRENCE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Sammie Lee Reaves ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 3, 2010. Plaintiff is incarcerated at the Bossier Parish Medium Correctional Center in Plain Dealing, Louisiana. He names John M. Lawrence and Judge Bolin as defendants.

Plaintiff claims that both he and his co-defendant hired Mr. Nader to represent them in their criminal trial proceedings on February 18, 2009. He claims they went to court together until October 16, 2009. He claims Mr. Nader was dismissed from his case in October 2009. Plaintiff claims Assistant District Attorney John M. Lawrence and Judge Bolin both knew that he was a co-defendant in case #170,593. He claims ADA Lawrence

and Judge Bolin allowed Nader to represent he and his co-defendant at the same time. He claims this situation lasted for eight months and did not end until his sisters retained another lawyer for him.

Plaintiff claims his right to a speedy trial was violated because he was not brought to trial within 120 days. He claims he did not have a contradictory hearing to show just cause for the delay. He further claims he was not tried for his felony charge within the two years allowed by law.

Plaintiff claims that on February 28, 2011, Judge Bolin denied him the right to confront his accuser. He claims Judge Bolin also made a false statement in open court regarding a contradictory hearing.

As relief, Plaintiff seeks to have the Louisiana Twenty-Sixth Judicial District Court follow guidelines, an investigation, monetary compensation, Defendants recused from his case, injunctive relief, and a change in venue for his criminal trial proceedings.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**Assistant District Attorney John M. Lawrence**

Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity

from suit rather than from liability.  Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985).  The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the assistant district attorney, as quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties.  Accordingly, Plaintiff's civil rights complaint against Assistant District Attorney John M. Lawrence for monetary damages should be dismissed as frivolous.

**Judge Bolin and the Louisiana Twenty-Sixth Judicial District Court**

Plaintiff's claims against Judge Bolin are frivolous.  It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith.  Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978).  Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge.  Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982).

The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.  Accordingly, Plaintiff's civil rights claim for monetary damages against Judge Bolin should be dismissed as frivolous.

**Heck Claims**

Plaintiff is seeking monetary compensation and injunctive relief for an alleged unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation or damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation and injunctive relief for civil rights violations under Section 1983; therefore, he must prove that his conviction and/or sentence

have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims for monetary damages be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS ORDERED** that Plaintiff's civil rights claims for injunctive relief be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Section 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 22nd day of April, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE